IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01490-OES

THOMAS S. (BOBBY) MCQUADE,

    Plaintiff,

v.

JOE HALLIGAN
J. LUSK,
TOM ZELENKA,
HEATHER DELPY,
JOHN R. CLARKSON,
CORRECTIONS COOPERATION [sic] OF AMERICA (CCA),
STEVEN BROWN, SR., and
JOY LUCERO,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

---

Plaintiff Thomas S. (Bobby) McQuade is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. McQuade has filed *pro se* a Prisoner Complaint alleging that Defendants have violated his rights under the United States Constitution because they have failed to protect him from being extorted by inmate gang members because of his sexual orientation. He also has filed a motion for a preliminary injunction and a temporary restraining order. The Court must construe the motion liberally because Mr. McQuade is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not act as a ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, the motion for a preliminary injunction and a temporary restraining order will be denied.

Mr. McQuade alleges that he is housed in the "faith pod," that he does not believe his life to be in immediate danger, but that he does believe he easily could be placed in danger if he is moved to another Colorado prison, moved to a different unit in his current prison, or housed with a known gang member. He asks that he only be moved in an emergency and that he not be housed with a co-inmate who would be a danger to him.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. ***See Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. ***See*** Fed. R. Civ. P. 65(b). Mr. McQuade fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Therefore, the motion for a preliminary injunction and a temporary restraining order will be denied. Accordingly, it is

ORDERED that the motion for a preliminary injunction and a temporary

2

restraining order filed by Plaintiff Thomas S. (Bobby) McQuade is denied.

DATED at Denver, Colorado, this 26 day of Aug., 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01490-OES

Thomas S. McQuade
Reg. No. 86407
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/29/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk