IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01490-OES

THOMAS S. (BOBBY) MCQUADE,

Plaintiff,

v.

JOE HALLIGAN,
J. LUSK,
TOM ZELENKA,
HEATHER DELPY,
JOHN R. CLARKSON,
CORRECTIONS COOPERATION [sic] OF AMERICA (CCA),
STEVEN BROWN, SR., and
JOY LUCERO,

Defendants.

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Thomas S. (Bobby) McQuade is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He filed ***pro se*** a complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993) alleging that Defendants have violated his rights under the United States Constitution because they have failed to protect him from being extorted by inmate gang members because of his sexual orientation.

Mr. McQuade has paid the $250.00 filing fee. As relief he asks for reimbursement for the money extorted from him, for an order directing that he be transferred to a different state prison for the remainder of his sentence, and for his legal

name to be placed on his tags and recognized as his name. In addition, he asks for Lasik eye surgery so he no longer needs to wear eyeglasses and a hair transplant, although neither medical procedure appears to bear any relation to his claims.

The Court must construe the complaint liberally because Mr. McQuade is representing himself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. McQuade will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the DOC's three-step administrative grievance procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*** , 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy

of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McQuade fails to set forth a short and plain statement of his claims showing that he is entitled to relief. ***See*** Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim clearly and succinctly, Mr. McQuade offers long-winded and repetitive recitations of acts or events without stating clearly how his constitutional right or rights were violated. Mr. McQuade apparently expects the Court to sift through his verbose allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. McQuade's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him.

Mr. McQuade's complaint is deficient and subject to dismissal. Although the complaint must be construed liberally, the Court should not assume the role of advocate for the ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. McQuade should be given an opportunity to file an amended

complaint that clarifies the claims for relief he is asserting. Each claim must be supported with specific and concise factual allegations that demonstrate how the particular Defendant or Defendants violated Mr. McQuade's rights. He will be directed to do so below.

In the amended complaint he will be directed to file, Mr. McQuade must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. He is directed to include facts pertinent to each claim with each claim and not to repeat allegations in each claim or to incorporate facts of his prior claims into each subsequent claim. Each claim should stand on its own.

In addition, it appears that Mr. McQuade has failed to demonstrate exhaustion of each of his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, ***see Booth v. Churner***, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. ***See Porter v. Nussle***, 534 U.S. 516, 532 (2002).

Mr. McQuade is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available

administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. McQuade must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. ***See Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. McQuade has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Because of the verboseness of Mr. McQuade's complaint, the Court is unable to determine if he has exhausted each claim he intends to assert. Mr. McQuade fails to describe with specificity the claims he has attempted to exhaust through the grievance procedure or to attach copies of administrative proceedings pertinent to claims asserted in the complaint other than his claim that Defendants have failed to protect him from extortion.

The DOC grievance procedure available to Mr. McQuade and to all inmates, ***see*** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h. Excluded from the procedure, however, are claims seeking review of a disciplinary conviction or placement in administrative segregation. ***See*** DOC Administrative Regulation 850-4, Grievance

Procedure at IV.B.1.i.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. ***See*** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. ***See*** DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Therefore, Mr. McQuade will be ordered to show cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the DOC's three-step administrative grievance procedure.

Finally, Mr. McQuade is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. McQuade should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. McQuade file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. McQuade, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. McQuade submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. McQuade fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01490-OES

Thomas S. McQuade
Reg. No. 86407
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 9/23/05

GREGORY C. LANGHAM, CLERK

By: Andrea
Deputy Clerk