IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 05-cv-01490-OES

DEC 1 – 2005

THOMAS S. (BOBBY) MCQUADE,

GREGORY C. LANGHAM
CLERK

Plaintiff,

v.

JOE HALLIGAN,
J. LUSK,
TOM ZELENKA,
HEATHER DELPY, and
STEVEN BROWN, SR.,

Defendants.

_____

AMENDED ORDER AND JUDGMENT OF DISMISSAL

_____

Plaintiff Thomas S. (Bobby) McQuade is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Kit Carson

Correctional Center in Burlington, Colorado. He filed *pro se* a complaint pursuant to 42

U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that Defendants have

violated his rights under the United States Constitution.

On September 23, 2005, Magistrate Judge Schlatter ordered Mr. McQuade within

thirty days to file an amended complaint that complies with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure and to show cause why the complaint

should not be dismissed for failure to demonstrate exhaustion of the DOC's three-step

administrative grievance procedure. On October 14, 2005, Mr. McQuade filed an

amended complaint. As relief he asks for reimbursement for the money extorted from

him and for an order directing that for his safety he be transferred to a different state prison, provided with Lasik eye surgery so he no longer needs to wear eyeglasses, and provided with a hair transplant. Lastly, he asks for his legal name to be placed on his tags and recognized as his name. Mr. McQuade has paid the $250.00 filing fee.

The Court must construe the amended complaint liberally because Mr. McQuade is representing himself. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court should not, however, become the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

The Court has reviewed the amended complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Mr. McQuade was informed in the September 23, 2005, order for an amended complaint and to show cause, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

2

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McQuade's entire amended complaint is vague. Mr. McQuade fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing his claims clearly and succinctly, he makes vague allegations that Defendants have failed to protect him from being extorted because of his sexual orientation by inmate gang members at the Bent County and at the Sterling correctional facilities, and he attaches copies of his grievances in an effort to show that he has exhausted the DOC grievance procedure. However, even his grievances are vague.

Despite being ordered to do so, Mr. McQuade simply fails to support each claim with specific factual allegations that demonstrate how the particular Defendant or Defendants violated his rights. The Court has no idea the reason or reasons he is suing each Defendant other than Joe Halligan, who he appears to be suing for initiating disciplinary proceedings against him and for convicting him of the disciplinary offense of bartering. The Court also has no idea what alleged acts of extortion were committed, when each of these acts allegedly occurred, or even how many such acts allegedly occurred because Mr. McQuade never provides such factual information. He simply makes vague and conclusory allegations that he has been extorted and that Defendants

3

have failed to protect him from such extortion.

Mr. McQuade's amended complaint is deficient and subject to dismissal. Although the amended complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that it should be dismissed. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the motion for appointment of counsel filed on November 25, 2005, is denied as moot. It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff.

DATED at Denver, Colorado, this 29 day of _____ Nov. _____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01490-OES

Thomas S. McQuade
Reg. No. 86407
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _12-1-05_

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk